UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAY A. JACKSON,

    Petitioner,

v.

DAVID BAUGHMAN, Warden,

    Respondent.

Case No. 17-cv-07171-JST (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Petitioner, an inmate at California State Prison–Sacramento, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

According to the petition, in 2011 in Alameda County Superior Court, petitioner pled guilty to manslaughter. ECF No. 6 ("Pet.") at 2. Petitioner was sentenced to a term of 31 years, which consisted of an 11-year sentence for manslaughter, a 10-year sentence enhancement for personal use of a firearm in the commission of the crime pursuant to California Penal Code § 12022.5(a), and a 10-year sentence enhancement for committing the crime for the benefit of a criminal street gang pursuant to California Penal Code § 186.22(b)(1)(C). Id. Petitioner did not file a direct appeal, but he filed habeas petitions in the state superior, appellate, and supreme courts, all of which were denied as untimely. Pet. at 3-4.

The instant action was filed on December 18, 2017.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Claims**

As grounds for federal habeas relief, petitioner claims that it was unlawful for the state sentencing court to impose separate and concurrent sentences for the Section 12022.5(a) enhancement and the Section 186.22(b)(1)(C) enhancement. Petitioner's claim alleges that the state court improperly or erroneously applied state laws. On federal habeas corpus review, a court's review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991) (no federal habeas relief for alleged errors in interpretation or application of state law). Issues of state law sentencing errors are not cognizable on federal habeas unless the petitioner claims a constitutional violation due to the misapplication of the sentencing law. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993); Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir. 1991). Petitioner's claim only concerns state sentencing law and does not implicate a federal constitutional right. "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F. 3d 461, 469 (9th Cir. 1994).

Petitioner does not assert a separate constitutional claim and has not made a showing of any fundamental unfairness. Petitioner's only argument is that the concurrent sentence enhancements violates California Penal Code § 1170.1(f). Pet. at 5. Section 1170.1(f) states:

When two or more enhancements may be imposed for being armed with or using a

2

dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury.

Cal. Penal Code § 1170.1(f). Here, only one of petitioner's enhancements—his Section 12022.5(a) enhancement—was for the use of a dangerous or deadly weapon or firearm. California Penal Code § 186.22(b)(1)(C), under which his separate gang enhancement was imposed, does not include use of a weapon or firearm as a required element. Therefore, petitioner's sentencing did not violate Section 1170.1(f). In sum, petitioner's claim is not subject to federal habeas review.

## CONCLUSION

For the foregoing reasons, the petition is DISMISSED for failure to state grounds upon which relief can be granted. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find the denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

Because petitioner has paid the filing fee, his application to proceed in forma pauperis (ECF No. 7) is DENIED as unnecessary.

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

Dated: February 22, 2018

_____
JON S. TIGAR
United States District Judge